IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN D. LEVYS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1820 |
| ) | Judge David Stewart Cercone/ |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| JEFFREY MANNING *Court of Common* ) | |
| *Pleas Judge Individual and Official Capacity* ) | |
| *at all times mentioned*, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

## II. REPORT

Lincoln D. Levys ("Plaintiff") is currently incarcerated at the Allegheny County Jail ("ACJ"). Plaintiff has filed a civil rights complaint (the "Complaint") naming one Defendant, i.e., the Honorable Jeffrey Manning, a judge of the Court of Common Pleas of Allegheny County. Plaintiff makes one basic claim. Plaintiff claims that Judge Manning, who presided over Plaintiff's bail modification hearing, violated Plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments when Judge Manning ordered that Plaintiff be "sent to solitary confinement for telling my sister to contact my wife via email address to make sure she had a place to stay and someone she could talk too." ECF No. 1-1 at 2. Plaintiff concedes however that he was under a "no contact" order concerning his wife at the time he

caused his sister to contact his wife. Id. ("Plaintiff allegedly then, because of said conversation with sister to make sure all was well with wife, violated a court no contact order and instead of charging me with a valid law, defendant Manning sent, or rather, ordered me to be sent to solitary confinement with unconstitutional restrictions such as 'no phone calls, no outgoing or incoming mail and not contact with anyone on the outside.[']" Id. Plaintiff further claims that as a consequence of his being kept in solitary confinement under such strict conditions, Plaintiff was unable to obtain private counsel to represent him in the criminal proceedings, and was not able to prepare for trial and suffered ill-effects on his health due to the conditions obtaining in solitary confinement. Id. Plaintiff further claims that he had to go in front of a different judge after being in solitary confinement for 17 months in order to get out of solitary confinement. Id. at 3.

By way of relief, Plaintiff seeks compensatory and punitive damages in addition to a declaration that Judge Manning's actions in ordering Plaintiff to be maintained in solitary confinement violated Plaintiff's constitutional rights.

It is recommended that the Complaint be dismissed for failure to state a claim before service because Judge Manning is entitled to absolute judicial immunity, or, in the alternative, because this case is barred by the Rooker-Feldman doctrine.

### A. RELEVANT PROCEDURAL HISTORY

At the time of the initiation of this civil action, Plaintiff was a prisoner at the ACJ. Plaintiff is proceeding *pro se*. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), was granted. ECF No. 2. Thereafter, Plaintiff's Complaint was filed. ECF No. 3.

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, and/or because Plaintiff is a prisoner suing government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal

3

standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). In addition, the Court does not need to accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and

4

taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C. DISCUSSION

**1. Judge Manning is Entitled to Absolute Judicial Immunity**

Plaintiff is attempting to sue Judge Manning for actions that Judge Manning took in connection with his presiding over Plaintiff's bail modification hearing, *i.e.*, ordering that Plaintiff be maintained in solitary confinement at the ACJ in light of Plaintiff's violating an order issued by a state court that Plaintiff was to have no contact with his wife. However, these claims are clearly barred by the doctrine of judicial immunity.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the Complaint makes clear that the actions and inactions taken by Judge Manning complained of by the Plaintiff were actions or inactions taken in Judge Manning's

5

judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because Judge Manning enjoys absolute judicial immunity for actions taken in the course of conducting Plaintiff's bail modification hearing, the Complaint must be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted. See, e.g., Tinsley v. Singleton, Civ.A. No. 8:08-532, 2008 WL 759082, at *2 (D.S.C. March 20, 2008) ("Defendant Norton's activities in setting bond and ruling on motions to suppress evidence and/or to release seized property are performed as part of his judicial duties. As such, Norton's performance of those duties are protected from damage claims under the doctrine of absolute judicial immunity."); Robben v. Carson City, Nev., No. 3:13-CV-00438-MMD, 2015 WL 1280726, at *5 (D. Nev. Mar. 19, 2015), *reconsideration denied*, 2015 WL 4508769 (D. Nev. July 24, 2015) (finding judicial immunity applied to claim that a judge violated rights when the judge found that "Plaintiff violated his pre-trial release conditions and modifying these conditions.")

### 2. This Case is Barred By the Rooker-Feldman Doctrine

In the alternative, this case is barred by the Rooker-Feldman doctrine, which prohibits federal courts, other than the United States Supreme Court, from acting in an appellate capacity to state courts. As explained by the United States Court of Appeals for the Third Circuit:

> The *Rooker-Feldman* doctrine embodies the principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103

6

> S.Ct. 1303, 75 L.Ed.2d 206 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Marks v. Stinson*, 19 F.3d 873, 885 n. 11 (3d Cir.1994).

Thomas v. Miner, 317 F. App'x 113, 114 n.1 (3d Cir. 2008).

We find that the present suit requires this Court to, at the very least, "evaluate constitutional claims that are inextricably intertwined with the state court's [decisions]" in Plaintiff's criminal proceedings before Judge Manning concerning the bond modification hearing over which Judge Manning presided and the orders Judge Manning issued as a result of that hearing. Specifically, the instant lawsuit requires this Court to review Judge Manning's actions in allegedly ordering that Plaintiff be maintained in solitary confinement at the ACJ after Plaintiff apparently violated a no contact order by having his sister contact his wife. Plaintiff's attempt to establish here that these actions by Judge Manning taken as a consequence of the bail modification hearing violated his constitutional rights runs afoul of the Rooker-Feldman doctrine because establishing such a claim here requires us to evaluate Plaintiff's constitutional claims that are inextricably intertwined in Judge Manning's decisions and orders in Plaintiff's state court criminal proceedings. Accordingly, the Complaint must be dismissed for failure to state a claim upon which relief can be granted based upon the Rooker-Feldman doctrine.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

7

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    s/Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Date: December 16, 2016

cc: The Honorable Stewart Cercone
    United States District Judge

    LINCOLN D. LEVYS
    #175271
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA 15219